# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALENTIN QUINTERO,<br><br>             Petitioner,<br><br>         v.<br><br>WARREN L. MONTGOMERY,<br><br>             Respondent. | Case No. 2:21-cv-09283-SPG (ADS)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records on file, and the Report and Recommendation ("R&R") of the United States Magistrate Judge. (ECF No. 37 ("Rep.")). Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

    From its *de novo* review, the Court finds Petitioner's Objections to the R&R (ECF No. 38) do not warrant a change to the Magistrate Judge's findings or recommendation, for the following reasons.

    Petitioner objects that he is actually innocent of the crimes of conviction. (ECF No. 38 at 1–3). He argues that three prosecution witnesses contradicted each other, that he testified he was not present at the crime scene, and that some of the evidence placing him

at the crime scene was manufactured. (*Id*. at 2–3). These arguments, which are challenges to the evidence presented at trial, do not satisfy Petitioner's extraordinarily high evidentiary burden, which requires new evidence of innocence that was not presented at trial. *See Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir. 1997) (*en banc*) ("Requiring affirmative proof of innocence is appropriate, because when a petitioner makes a freestanding claim of innocence, he is claiming that he is entitled to relief despite a constitutionally valid conviction.").

Petitioner objects that he was denied his right to represent himself at trial under *Faretta v. California*, 422 U.S. 806 (1975). (ECF No. 38 at 4–5). However, the trial court properly denied Petitioner's requests for self-representation because the requests were untimely and because of concerns about Petitioner's history of disruptive behavior in court. (Rep. at 21–22.)

Petitioner objects that his trial counsel was ineffective by presenting "absolutely no defense." (ECF No. 38 at 1.) This objection is contrary to the record, which establishes that trial counsel "argued there was no physical evidence to support the charge in his opening statement, cross examined the witnesses, made objections at trial, and argued the prosecutor did not prove his case in his closing argument." (Rep. at 28–29) (internal citations omitted).

Petitioner objects that he was denied his constitutional right to confront three witnesses: J.R., M.S., and A.W. (ECF No. 38 at 5.) However, J.R.'s out-of-court remark to an acquaintance was not a testimonial statement subject to the Confrontation Clause, and M.S. and A.W. were in fact available for cross-examination. (Rep. at 25–26.) Although Petitioner objects that the witnesses were not adequately impeached (ECF No. 38 at 5), this does not establish a violation of his confrontation right. *See Delaware v. Fensterer*, 474 U.S. 15, 20 (1985) ("Generally speaking, the Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.") (emphasis in original).

Finally, Petitioner requests an evidentiary hearing on his claims. (ECF No. 38 at 6.) However, an evidentiary hearing is unwarranted because the existing state court record precludes federal habeas relief. *See Cullen v. Pinholster*, 563 U.S. 170, 183 (2011) ("[W]hen the state court-record 'precludes habeas relief' under the limitations of § 2254(d), a district court is 'not required to hold an evidentiary hearing.'") (quoting *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007)); *see also Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998) ("[A]n evidentiary hearing is *not* required on issues that can be resolved by reference to the state court record.") (emphasis in original).

For all the foregoing reasons, as well as the reasons set forth in the R&R, **IT IS ORDERED** that (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted; (2) Petitioner's request for an evidentiary hearing is denied; and (3) Judgment shall be entered denying the Petition and dismissing this action with prejudice.

DATED: November 27, 2023

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE